UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14007-TP-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WALTER BRELAND,

    Defendant.

_____/

REPORT AND RECOMMENDATION ON THE
PETITION FOR OFFENDER UNDER SUPERVISION

    **THIS CAUSE** came before me for an evidentiary hearing on the Petition for Offender under Supervision (the "Petition") (DE 2). Having considered the evidence, I recommend that Defendant be found to have violated his supervised release with respect to the allegations contained in Violation Numbers 1, 2, 3 and 5. I further recommend that Violation Number 4 be dismissed.

    1.    Defendant appeared for an evidentiary hearing on the Petition on March 8, 2021. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant signed a written Consent to Appear by Video or Audio Teleconference Form that will be filed in the record in this case. Having discussed the matter with the Defendant, I found that his waiver of in person appearance and consent to proceed through videoconference was knowing and voluntary. I also

found, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the hearing could not be further delayed without serious harm to the interests of justice.

2. The Petition alleges the following violations of supervised release:

**Violation Number 1** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 12, 2020 in Saint Lucie County, Florida, the defendant committed the offense of possession of cocaine, contrary to Florida Statute 893.13(6)(a).

**Violation Number 2** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 12, 2020 in Saint Lucie County, Florida, the defendant committed the offense of possession of a controlled substance without a prescription, contrary to Florida Statute 893.13(6)(a).

**Violation Number 3** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 12, 2020, in Saint Lucie County, Florida, the defendant committed the offense of resisting officer without violence, contrary to Florida Statute 843.02.

**Violation Number 4** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 12, 2020 in Saint Lucie County, Florida, the defendant committed the offense of possession of marijuana, contrary to Florida Statute 893.13(6)(a).

**Violation Number 5** — **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On November 20, 2020, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

3. The Government called two witnesses to testify: Officer Christina Williams from the United States Probation Office and Detective Justin Gullett from the Fort Pierce Police Department. No witnesses were called by the defense.

4. Officer Williams testified that the Defendant began his current term of supervised release on July 8, 2019. He was instructed on the terms of his supervision, and told he was not allowed to commit new law violations or possess any type of controlled substance. He acknowledged his understanding of the terms of his supervised release in writing. On November 20, 2020, the Defendant was drug tested. He tested positive for marijuana in Probation's laboratory, and that result was confirmed by Alere Toxicology Services.

5. Detective Gullett testified that he has worked for the Fort Pierce Police Department for ten years. He specializes in narcotics investigations and is a Task Force Officer with the United States Drug Enforcement Agency (DEA). On December 12, 2020, he and another officer – Detective Alvarez—were patrolling the area of Delaware Avenue and 13th Street in Fort Pierce, Florida when he observed a gold colored Pontiac without a functioning tag light. A traffic stop was initiated. The Defendant was in the back seat on the passenger side. As he approached the vehicle, Det. Gullett saw what appeared to him, based on his training and experience, to be small pieces of crack cocaine on the floor of the car between the Defendant's legs. Det. Gullett instructed the Defendant to step out of the vehicle. Defendant complied, but reluctantly. Defendant began questioning why he was being stopped and complaining that the detective needed to read him his rights. Det. Gullett began to pat Defendant down, asking him if he had any weapons on him. Defendant said he did not. Defendant became more and more agitated, refusing to turn around, tensing his body, and shifting his weight to avoid being searched. Det. Alvarez approached and the two officers put Defendant on the ground to handcuff him. Defendant continued to reach towards his pockets and his waistband, despite the officers repeated entreaties not to do so. Det. Alvarez found a knife in the Defendant's pocket. The officers stood Defendant up again, and a small prescription pill bottle fell out from under the Defendant's stomach near his waistband. The

bottle contained a rock like substance that field-tested positive for cocaine, and another substance that field-tested positive for methamphetamine. The rock like substance seen on the floorboard of the vehicle also field-tested positive for cocaine. The substances were sent to a laboratory, but no results were received by the date of the hearing.

6. The Government introduced Exhibit 1, which is a video recording from Det. Gullett's body camera on the night of the Defendant's arrest. Exhibit 1 was admitted without objection from the defense. The recording is consistent in all material respects with Det. Gullett's testimony.

7. The standard of proof in violations of supervised release is by a preponderance of the evidence and not beyond a reasonable doubt. Revocation of supervised release is treated as part of the penalty phase for the initial offense involved. To constitute a violation, the conduct involved need not be criminal and the defendant need only be found culpable by a judge under a preponderance of the evidence standard. *United States v. Cunningham*, 607 F.3d 1264 (11th Cir. 2010).

8. I have considered all of the evidence submitted, being the sworn testimony and exhibit, as well as arguments of counsel. I find that the Government has established by a preponderance of the evidence that Defendant committed Violation Numbers 1, 2, 3 and 5. I do not find that the Government has established Violation Number 4 by a preponderance of the evidence.

9. Violation Numbers 1 and 2 charge Defendant with possession of cocaine and methamphetamine. The video shows and Det. Gullett testified that he could see what appeared to him to be cocaine base on the floorboard of the vehicle between the Defendant's legs. Det. Gullett knew it was crack cocaine by its color and crystallization, and because he has had extensive

training handling crack cocaine and working narcotics investigations. The substances also field-tested positive for cocaine and methamphetamines. Defense counsel contends that a field test is not enough, and the Government has not offered any laboratory reports into evidence. This Court disagrees with Defendant's position. The government can establish that a substance is cocaine based solely on circumstantial evidence, "including the uncorroborated testimony of a person who observed a defendant in possession of a controlled substance … if the person is familiar with the substance at issue." *United States v. Baggett*, 954 F.2d 674, 677 (11th Cir. 1992) (internal quotation marks omitted). Here, the substances appeared to Det. Gullett, an experienced and trained narcotics investigator with the DEA Task Force, to be cocaine and methamphetamine. The substances also field-tested positive as cocaine and methamphetamine. These factors are sufficient under Eleventh Circuit case law. *United States v. Clay*, 743 Fed. Appx. 366, 370 (11th Cir. 2018). Moreover, Defendant's conduct in evading the pat down, moving around and failing to comply with the officer's instructions further demonstrates that the substances were illegal. Defendant knew that if he were found in possession of cocaine and methamphetamine, that would be a violation of his supervised release and would result in certain consequences. Thus, I find that Defendant violated the terms and conditions of his supervision by committing the offenses alleged in Violation Numbers 1 and 2.

10. Violation Number 3 alleges that Defendant committed the offense of resisting an officer without violence. FL ST 843.02 provides that "[w]hoever shall resist, obstruct or oppose any officer … in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree…" § 843.02, Fla. Stat. Thus, the elements of the crime of resisting an officer without violence are (1) that the officer was engaged in the lawful execution of a legal duty; and (2) that the Defendant's actions constituted

obstruction or resistance of that lawful duty. *JM v. State*, 960 SO.2d 813 (3DCA 2007). The Government has proved both of these elements by a preponderance of the evidence. Det. Gullett was engaged in the lawful execution of a legal duty, namely, investigation of a drug offense based on seeing crack cocaine in plain view in the car. Defendant obstructed that lawful duty but failing to comply with and resisting the officer's attempts to turn him around, pat him down and handcuff him. I therefore find that the Government has proved Violation Number 3.

11. The Government has also proved Violation Number 5 by a preponderance of the evidence. Violation Number 5 alleges that Defendant unlawfully possessed or used marijuana on November 20, 2020. The Government proved this through Officer Williams' testimony that a urine sample collected from the Defendant on that date tested positive for marijuana in Probation's local laboratory and was confirmed positive by Alere Toxicology Services. Thus, the Government has met its burden as to Violation Number 5.

12. I do not find, however, the Government to have met its burden as to Violation Number 4. Violation Number 4 alleges that the Defendant possessed marijuana on December 12, 2020. Although the Defendant can be heard on the video stating that he has marijuana in his pocket, this Court heard no evidence that marijuana was actually recovered or field-tested at the scene. Thus, I recommend that Violation Number 4 be dismissed.

**ACCORDINGLY**, I recommend to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1, 2, 3 and 5, but that Violation Number 4 be dismissed. I further recommend that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States

District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 14th day of April, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE